[Civ. No. 6247. · Second Appellate District, Division Two.—October 18, 1929.]

LINA ELISE GREY, Respondent, v. J. T. MILLIGAN et al., Defendants; EDWIN S. MILLIGAN, Appellant.

E. P. Peers and Alfred Kehde for Appellant.

Rupert B. Turnbull for Respondent.

CRAIG, J.—The plaintiff and respondent in the instant case filed a suit in replevin against J. T. Milligan, also including several fictitious names, and praying that upon discovery of the true names of other defendants they be substituted therefor. J. T. Milligan and the appellant Edwin S. Milligan were both served, the return of the sheriff showing that he had served John Doe, whose true name was Edwin S. Milligan. Upon his failure to make an appearance default was entered against the latter, and upon the trial it appearing that he had previously acquired possession of the property in controversy, the plaintiff dismissed as to J. T. Milligan and received a judgment against the appellant.

Twenty days after the trial appellant moved to set aside the judgment and for leave to answer, which was denied.

It was recited in affidavits accompanying the motion that being served as "John Doe," he had no means of knowing that he had been made a party defendant, and that since his father, J. T. Milligan, had been interested in the subject matter of the action, he immediately delivered the summons and complaint to him. It appears from the evidence, however, that one A. O. Eckman, claiming to be the owner of certain real property and the livestock and accessories thereon, which was conducted as a poultry ranch in which he had invested about twenty thousand dollars, sold and agreed to deliver to the plaintiff an undivided one-half interest therein. Oral and written demand were made upon J. T. Milligan for possession. As testified by one witness, there were "many heated words," and he was ordered off the premises by the defendant last mentioned; that a representative of the plaintiff then said to him: "Now, you know, Milligan, that we bought this property, and that we have bought Eckman's interest in it, and we have got an order to get these chickens and the equipment, and we want you to deliver it." It appears that this defendant's son, E. S. Milligan, was present on May 29, 1926, when the foregoing demand was made, but said nothing. On June 4, 1926, when suit was filed, or less than a week later, his father did not have possession of the property here in dispute, but had delivered it to said son, who, as already observed, was properly served with a copy of the complaint, which he gave to the former, and permitted a default to be entered as to himself.

A casual perusal of the complaint discloses that all of the property for which appellant heard demand made was described in detail therein. ▮ A trial court upon motion to vacate a default judgment is vested with the power and duty to exercise sound judicial discretion, and it may well have occurred to the court in this instance that under the existing circumstances the exchange of property and pleadings between father and son within a few days did not under such rule justify the vacation of judgment after the expiration of three and one-half months. Authorities cited by appellant are not in point, since good faith and the right of plaintiff to join defendants by fictitious names are the sole defects in the proceedings, according to his argument. In the respect last mentioned it appears that appellant was

not served until the day following the first visit of the process server, which may have been the first time that it became necessary to join him. We cannot say as a matter of law that the trial court abused its discretion in denying the motion.

The order denying the motion is affirmed.

Works, P. J., and Burnell, J., *pro tem.*, concurred.